UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA STEARNS, <br><br>                    Plaintiff, <br><br> v. <br><br> CROSSMARK, INC., <br><br>                    Defendant. | CIVIL NO.: 3:13-cv-01081-JCH <br><br><br><br><br><br><br> JANUARY 8, 2014 |

## AMENDED COMPLAINT

### INTRODUCTION

1. An employer's obligation to pay its employees overtime wages is more than a matter of private concern between the parties. Rather, this duty carries out the dictate of Congress and the Connecticut Legislature, founded on a compelling public policy: in a modern, humane society, workers are not simply indentured servants — they are entitled to work a livable number of hours at a livable wage. In addition to benefiting the individual employee in this manner, the overtime requirement also serves a fundamental societal goal: it is expressly designed to reduce unemployment by giving the employer a disincentive to concentrate the work in a few overburdened hands and an incentive to instead hire additional employees. Especially in the current economic climate, the importance of this objective cannot be overestimated.

2. This is an action against Defendant, Crossmark, Inc., for Defendant's unlawful treatment of Plaintiff by willfully failing to pay her overtime wages for hours worked in excess of 40 hours per week.

3. Plaintiff brings this action pursuant to the Fair Labor Standards FLSA ("FLSA"), 29 U.S.C. §§ 201 et seq. Plaintiff claims that Defendant has violated the wage-and-hour provisions of the FLSA by depriving her of her lawful overtime wages. Plaintiff seeks unpaid

1

compensation, an equal amount of liquidated damages, and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

4. Plaintiff also brings this action pursuant to Connecticut's overtime statutes and regulations, and under Connecticut common law. Specifically, Plaintiff seeks unpaid wages (including compensation at the overtime rate of one and one-half times her regular rate of pay) for her work beyond 40 hours per week pursuant to Connecticut labor law and regulations, including but not limited to Conn. Gen. Stat. §§ 31-60(a), 31-68(a), 31-71b, 31-72, and 31-76c, and pursuant to the Connecticut common law.

## JURISDICTION

5. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

6. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, because the action arises under a federal statute, 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over the Connecticut state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

8. Defendant is subject to personal jurisdiction in the State of Connecticut. Defendant is duly licensed to do business in the State of Connecticut and actively conducts business in the State of Connecticut.

## PARTIES

9. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

10. At all relevant times, Plaintiff, Debra Stearns, was and is a resident of Connecticut. She was employed by Defendant as a Retail Representative between April 2009 and September 2010.

11. At all relevant times, Defendant, Crossmark, Inc., was and is a Delaware corporation with its principal place of business located at 5100 Legacy Drive, Plano, Texas 75024.

12. At all relevant times, Defendant was and is engaged in the business of providing in-store marketing and retail merchandising services to a variety of consumer products companies including, among others, Frito-Lay, General Mills, Fuji Film, Johnson & Johnson and Kraft Foods. Defendant provides its customers with services that include in-store promotional events, in-store merchandising, and supply chain optimization services at supermarkets, convenience stores, and drug stores, along with other specialty trade channels.

13. At all revenant times, Defendant provided and provides business services to its clients on a national basis, including within the State of Connecticut.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

15. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by § 203 of the FLSA.

16. Because Plaintiff was classified as "non-exempt" by Defendant, Plaintiff was entitled to be paid overtime wages for hours she worked in excess of 40 hours per week.

17. The wage and overtime provisions of the FLSA, as set forth in §§ 206 and 207 of the FLSA respectively, apply to Defendant. Plaintiff was covered by §§ 206 and 207 of the FLSA while employed on an hourly basis by Defendant.

18. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(f)(1) of the FLSA,

and, based on knowledge, information, and belief, had annual gross sales that greatly exceeded $500,000.

19. At all times material to this action, Plaintiff was engaged in commerce.

20. Plaintiff believes, and therefore avers, that she worked more than forty hours during numerous workweeks while employed by Defendant for which she was not fully compensated and/or for which she was improperly paid at rates less than one and one-half times her normal hourly pay rate.

21. As set forth more fully below, Plaintiff believes, and therefore avers, that Defendant instituted policies and/or practices to unlawfully avoid the wage and overtime provisions of the FLSA, and thereby willfully denied Plaintiff straight-time and overtime wages to which she was entitled.

22. More particularly, at all relevant times hereto, Plaintiff was employed by Defendant and classified as a Retail Representative.

23. Plaintiff was paid $11.00 per hour by Defendant.

24. Plaintiff received job assignments from Defendant on her home computer, and she called on Defendant's clients in the State of Connecticut.

25. As an essential job requirement, Plaintiff was required to begin her workday day by connecting to Defendant's website from home on her own personal computer using an identifier provided by Defendant.

26. After connecting to Defendant's website, Plaintiff answered and responded to email messages on Defendant's behalf, received instructions, including instructions about driving to a particular store or stores, instructions about what to do while at a store or stores, and instructions about what items Plaintiff should transport that day to a store or stores. Plaintiff was

also required by Defendant to download and print Planograms, which provide shelf position diagrams for the products that Plaintiff was to address during the assigned calls she made that day. Plaintiff believes, and therefore avers, that these tasks at the beginning of the workday typically took her one hour to perform.

27. After completing her required computer tasks, Plaintiff logged off of Defendant's website.

28. Plaintiff believes, and therefore avers, that Defendant has records of each occasion that she has logged onto and off of the company's website.

29. If and when Defendant provides Plaintiff with the actual times that she logged onto and off of Defendant's website, Plaintiff can accurately determine how long it took her to perform the tasks on the Crossmark website that she described above.

30. Plaintiff believes, and therefore avers, that Defendant did not fully compensate Plaintiff for all of the time she spent each workday on required computer tasks at the start of the day.

31. After logging off of Defendant's website at the beginning of each workday, Plaintiff was required to load her automobile with materials sent to her by Defendant. Plaintiff was required to transport these materials to assigned retail locations to which she was required to drive. Plaintiff believes that it took her, on average, twenty minutes each morning to complete loading her car with materials. Plaintiff believes, and therefore avers, that Defendant did not fully compensate Plaintiff for the time she spent on this required task each workday.

32. After loading her car, Plaintiff departed home for her first assigned call of the workday. Even though Plaintiff had already begun her workday by logging onto Defendant's website and performing assigned tasks, and by loading her car with Defendant's materials,

Defendant never paid Plaintiff wages for the time she spent driving to her first assignment of the day unless the drive exceeded forty (40) miles or took more than one hour. Plaintiff believes, and therefore avers, that she spent an average of fifteen (15) minutes each workday driving from home to her first assignment of the day.

33. During the course of each workday at retail store locations, Plaintiff was required to complete all of the projects assigned her by Defendant at each particular retail store location before leaving for the next assigned retail store location or before leaving for home. Plaintiff believes, and therefore avers, that Defendant paid Plaintiff a fixed amount of time for working on in-store projects even though Plaintiff actually worked longer and, as a consequence, Plaintiff estimates that she has been denied pay for two hours per day that she actually worked.

34. At the end of each workday, Defendant required Plaintiff to once again log-on to its website and report what occurred during the store calls made by Plaintiff that day. This reporting often included uploading digital photographs taken from Plaintiff's cellular telephones to Defendant's website. Plaintiff estimates these tasks at the end of the day typically took forty-five minutes to perform. Plaintiff believes, and therefore avers, that Defendant did not fully compensate her for all the time she spent working on these end of-day reporting tasks.

35. Plaintiff believes, and therefore, avers, that Defendant has records of each occasion that she has logged onto and off of the company's website.

36. If and when Defendant provides Plaintiff with the actual times that she logged onto and off of Defendant's website, Plaintiff can accurately determine how long it took her to perform the tasks on Defendant's website that she described above.

37. Plaintiff was told by her supervisors that the total amount of time she could report for pay purposes was eight hours per day, which included time spent on computer tasks at the

beginning and the end of the day, time spent on in-store projects, and the time spent driving during the course of the workday.

38. Plaintiff does not recall whether or not Defendant paid Plaintiff for having worked more than forty hours in any given workweek. However, Plaintiff believes, and therefore avers, that even if Defendant paid Plaintiff for having worked more than forty hours in a particular work week, Defendant did not pay Plaintiff the entirety of the overtime that Plaintiff earned.

39. Plaintiff believes, and therefore avers, that Defendant records each date and time that Plaintiff logs onto and off of its website and, therefore, Defendant possesses electronic data that would allow Plaintiff to accurately support her claim as to time she spent performing computer tasks on Defendant's behalf at the beginning and the end of each workday.

40. Plaintiff believes, and therefore avers, that Defendant has records showing each store Plaintiff called on while working for Defendant, which include date, arrival time, and departure time. Said records would permit Plaintiff to accurately support her claim that she worked hours on Defendant's behalf each week for which she was not compensated by Defendant.

41. Plaintiff believes, and therefore avers, that Defendant failed to pay Plaintiff wages for all hours she actually worked and/or the required premium pay of one-and-one-half times the regular rate of pay for all hours that she worked in excess of 40 per week.

42. Plaintiff believes, and therefore, avers that Defendant has records which show the actual time that Plaintiff spent on Defendant's behalf during any particular work day.

43. Despite having those electronic records which show the actual times that Plaintiff performed work on Defendant's behalf, Defendant required Plaintiff to fill in a manual time sheet and upload the data from the manual sheet to a separate payroll system.

## COUNT I

### (Claim for Wages Pursuant to 29 U.S.C. Section 201, et. seq.)

44. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

45. Between April 2009 and September 2010, Defendant failed to pay to Plaintiff wages, including overtime wages, to which she is entitled as an employee of Defendant, in violation of 29 U.S.C. Section 201, et seq.

46. The actions of Defendant were willful and taken in bad faith, arbitrarily and/or unreasonably.

47. As a result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages, including loss of wages with interest and related fringe benefits.

48. As a further result of the actions of Defendant, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

49. The actions of Defendant were willful and taken in bad faith, arbitrarily and/or unreasonably.

50. Defendant is also liable to Plaintiff for liquidated damages, including but not limited to double damages, attorneys' fees, prejudgment interest, and costs under 29 U.S.C. Section 216.

## COUNT II
### (Claim For Wages Pursuant To C.G.S. § 31-68)

51. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

52. Between April 2009 and September 2010, Defendant failed to pay wages to Plaintiff, including overtime wages, to which she was, entitled an employee of Defendant, in violation of C.G.S. § 31-68.

53. As a further result of the actions of Defendant, Plaintiff has incurred, and will

continue to incur, attorneys' fees and costs in pursuing this action.

54. The actions of Defendant were willful and taken in bad faith, arbitrarily and/or unreasonably.

55. Defendant is also liable to Plaintiff for double damages under C.G.S. § 31-68.

## **COUNT III**
### **(Claim For Wages Pursuant To C.G.S. § 31-72)**

56. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

57. Between April 2009 and September 2010, Defendant failed to pay wages to Plaintiff, including overtime wages, to which she was entitled as employees of Defendant, in violation of C.G.S. § 31-72.

58. As a further result of the actions of Defendant, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

59. The actions of Defendant were willful and taken in bad faith, arbitrarily and/or unreasonably.

60. Defendant is also liable to Plaintiff for double damages under C.G.S. § 31-72.

## **COUNT IV**
### **(Breach Of Contract)**

61. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

62. Plaintiff entered into a contract with Defendant whereby Defendant agreed to pay wages, pursuant to state and federal labor laws including, but not limited to, paying overtime wages for hours she worked in excess of 40 hours per week, in consideration for the time she spent working for Defendant.

63. At all relevant times, Plaintiff fulfilled all of her obligations under the contract to Defendant.

64. Notwithstanding, Defendant breached its contract with Plaintiff by failing to pay her wages, including overtime wages for hours she worked in excess of 40 hours per week.

65. As a consequence of Defendant's breach of contract, Plaintiff has been, and continues to be, damaged and deprived of the possession and use of her wages that Defendant wrongfully failed to pay her.

## COUNT V
### (Unjust Enrichment)

66. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

67. By failing to pay Plaintiff her wages, including overtime wages for hours she worked in excess of 40 hours per week, Defendant has received, and continues to receive, substantial financial benefits, including, but not limited to, the use and enjoyment of the wages that it failed to pay to Plaintiff.

68. Defendant unjustly retained and failed to pay Plaintiff for the value of those benefits.

69. Defendant's failure to pay Plaintiff for those benefits is to her detriment.

70. As a consequence, Defendant has been unjustly enriched at the expense and detriment of Plaintiff who has been, and continues to be, deprived of the possession and use of her wages that Defendant wrongfully failed to pay to her.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

    a. Money damages;

    b. Double damages, attorney's fees, prejudgment interest, and costs pursuant to 29 U.S.C. § 216(b);

    c. Double damages, attorney's fees, and costs pursuant to C.G.S. § 31-68;

d. Double damages, attorney's fees, and costs pursuant to C.G.S. § 31-72;

e. Interest;

f. Such other relief at law or in equity that may or doth appertain.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

> Respectfully submitted,
>
> PLAINTIFF
>
> /s/ Peter M. Van Dyke
> Peter M. Van Dyke, ct24747
> pvd@eddf-law.com
> Eagan, Donohue, Van Dyke & Falsey, LLP
> 24 Arapahoe Road
> West Hartford, CT 06107
> P: 860-232-7200
> F: 860-232-0214

## CERTIFICATION

I hereby certify that on January 8, 2014 a copy of the foregoing was filed electronically and served by regular mail, postage prepaid, on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> /s/ Peter M. Van Dyke
> Peter M. Van Dyke