UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| DEBRA STEARNS, | CIVIL NO.: 3:13-cv-01081-JCH |
|---|---|
| Plaintiff, | |
| v. | |
| CROSSMARK, INC., | |
| Defendant. | SEPTEMBER 30, 2014 |

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Local Rule 56(a)(1), and this Court's November 8, 2013 Scheduling Order (Docket #28), Defendant CROSSMARK, Inc. ("CROSSMARK") respectfully moves for partial summary judgment on Plaintiff's claims in the above-captioned matter as set forth below. Based on the undisputed material facts set out in its Local Rule 56(a)(1) Statement of Undisputed Material Facts ("SUMF") attached hereto as Exhibit A, the evidence in the record, and the arguments set out in its Memorandum of Law in Support of this Motion, CROSSMARK contends it is entitled to summary judgment on the issues set forth herein. In support whereof, CROSSMARK would respectfully show this Court as follows:

**I.  Plaintiff Cannot Recover for Time Spent Commuting Between Home and Work.**

Plaintiff cannot recover for the time she spent driving between her home and assigned retail store locations, because ordinary commuting time is not compensable under the FLSA. In addition, Plaintiff's state law wage claim cannot save her drive-time allegations because this type of commute is not compensable under Connecticut law. And Ms. Stearns' actions for breach of contract and unjust enrichment are of no help, because CROSSMARK never agreed to

DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT                     1

compensate Ms. Stearns for the morning commute time she now claims she is owed.[1] Finally, even if the Court finds that Ms. Stearns's commute was compensable, she cannot establish willfulness and cannot recover liquidated damages. Summary judgment should be granted against Plaintiff on all her claims with respect to commuting time.

II.  **Plaintiff Can Only Recover Under the FLSA for Unpaid Overtime Wages, Not Unpaid Straight-Time Wages.**

The FLSA provides a remedy for overtime and minimum-wage violations, not a means for recovering all unpaid wages.[2] Plaintiff cannot state a claim under the FLSA, and cannot recover for any unpaid time, during non-overtime "gap time" weeks in which she did not work over 40 hours. Furthermore, the FLSA provides no recourse for unpaid straight-time hours below the 40-hour threshold even during weeks in which the employee also works overtime. Accordingly, Plaintiff can only recover under the FLSA for unpaid *overtime* hours in excess of 40 hours a week, and cannot recover for any straight-time wages. Plaintiff's potential recovery under her state law claims should similarly be limited only to unpaid overtime wages in excess of 40 hours in a week, because Plaintiff's Complaint only purports to seek recovery for unpaid *overtime* wages, not unpaid straight time wages. Summary judgment should be granted to limit Plaintiff's potential damages accordingly.

III.  **Plaintiff Can Only Recover Liquidated Damages for Unpaid Overtime Wages, Not All Unpaid Wages.**

The liquidated damages provision of the federal Fair Labor Standards Act applies only to the overtime component of unpaid wages, not to all unpaid wages. *See* 29 U.S.C. § 216(b).

---

[1] Ms. Stearns seek recovery only for morning commute time, not evening commute time. *See* Docket #35, Amended Complaint ¶ 32.

[2] Plaintiff has never pleaded or alleged that she was paid less than the minimum wage.

Consequently, to the extent Ms. Stearns can prove she is owed any unpaid wages, she can only recover liquidated damages on the unpaid wages for the overtime hours in excess of 40 hours per week. Summary judgment should be granted to limit Plaintiff's damages on this issue.

IV. **Plaintiff's Common Law Claims for Breach of Contract and Unjust Enrichment Are Preempted by Federal Law.**

Plaintiff's common law claims for breach of contract and unjust enrichment are preempted by the FLSA, because they simply duplicate her claims for unpaid overtime wages. Consequently, summary judgment should be granted with respect to those claims.

## CONCLUSION

For the reasons set forth in CROSSMARK's Memorandum of Law in support of this Motion, and based on the undisputed evidence in the record, CROSSMARK respectfully requests that this Court grant summary judgment against Plaintiff on the matters set forth herein.

Dated:  September 30, 2014                        Respectfully submitted,


                                            By:  */s/ Felix J. Springer*
                                                 Felix J. Springer

                                            Felix J. Springer  (ct05700)
                                            DAY PITNEY LLP
                                            242 Trumbull Street
                                            Hartford, Connecticut 06103
                                            Telephone:  860.275.0184
                                            Facsimile:  860.881.2462
                                            Email:  fjspringer@daypitney.com

                                            Stephen E. Fox (admitted *pro hac vice*)
                                            POLSINELLI P.C.
                                            Saint Ann Court
                                            2501 N. Harwood, Suite 1900
                                            Dallas, Texas 75201
                                            Telephone:  214.397.0030
                                            Facsimile:  214.397.0033
                                            Email:  sfox@polsinelli.com

                                            Attorneys for Defendant,
                                            CROSSMARK, Inc.


## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of September, 2014, a copy of Defendant's Motion for Partial Summary Judgment was filed electronically and served by mail on anyone unable to accept electric filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing, Parties may access this filing through the Court's EM/ECF System.


                                            */s/ Felix J. Springer*
                                            Counsel for Defendant