UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA STEARNS, <br><br> Plaintiff, <br><br> v. <br><br> CROSSMARK, INC., <br><br> Defendant. | CIVIL NO.: 3:13-cv-01081-JCH <br><br><br><br><br><br><br><br> SEPTEMBER 30, 2014 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Local Rule 56(a)(1), and this Court's November 8, 2013 Scheduling Order (Docket #28), Defendant CROSSMARK, Inc. ("CROSSMARK") respectfully moves for partial summary judgment on Plaintiff's claims in the above-captioned matter as set forth below. Based on the undisputed material facts set out in its Local Rule 56(a)(1) Statement of Undisputed Material Facts ("SUMF") attached hereto as Exhibit A, the evidence in the record, and the arguments set out in this Memorandum of Law in Support of its Motion, CROSSMARK contends it is entitled to summary judgment on the issues herein. In support whereof, CROSSMARK would respectfully show this Court as follows:

### PROCEDURAL HISTORY

Plaintiff Debra Stearns was previously part of the putative collective action lawsuit styled *James Postiglione et al. v. CROSSMARK, Inc.*, No. 11-cv-960, in the Eastern District of Pennsylvania. The *Postiglione* plaintiffs sought to certify a nationwide class of CROSSMARK retail representatives based on allegations of unpaid overtime. On November 14, 2012, Judge Norma L. Shapiro denied the plaintiffs' motion for conditional certification, finding that

plaintiffs were not similarly situated and had failed to show any illegal company-wide policy by CROSSMARK. Postiglione Docket #68, at 10-11.[1] Judge Shapiro also dismissed Ms. Stearns and the other named plaintiffs as improperly joined because they had failed to show that their claims arose out of a common transaction or occurrence. *Id*. at 13-15. On January 24, 2013, Ms. Stearns filed her individual Complaint in this action as Case No. 3:13-cv-01081 in the Eastern District of Pennsylvania (Docket #1). On June 27, 2013, Judge Shapiro ordered Ms. Stearns's case transferred to the District of Connecticut (Docket #13). On November 8, 2013, this Court issued its Scheduling Order (Docket #28).

## FACTUAL BACKGROUND

CROSSMARK is a leading provider of merchandising and inventory management services to manufacturers and retailers of consumer goods across the country. As a part-time CROSSMARK Retail Representative, Plaintiff Debra Stearns performed the bulk of her duties at various retail store locations around Connecticut, including CVS, Target, and Home Depot.[2] In addition, Ms. Stearns performed various "administrative" tasks from her home, such as printing and sorting sales materials, loading her personal car, and using her personal computer to connect to CROSSMARK's employee website in order to check e-mail and report her time worked.[3] Ms. Stearns did not work out of an office, rather, she received her assignments online (via the internet) and drove from her home to her assigned retail stores.

---

[1] Judge Shapiro's Order and Memorandum Opinion (Postiglione Docket Nos. 68 and 69) are attached hereto as Exhibit C.

[2] SUMF at ¶¶ 1-2.

[3] SUMF at ¶ 3.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT                                               2

Ms. Stearns had flexibility in planning her daily schedule. CROSSMARK did not restrict her from making detours for personal errands while driving between her home and her assigned store locations, nor did it otherwise control her activities during her commute.[4] CROSSMARK's policy is to pay Retail Representatives for time spent commuting from home to their first store location in excess of one hour, and for time spent commuting from their last store location back home in excess of one hour, as well as for all time spent driving between stores during the workday, and Ms. Stearns was paid for all of that time.[5]

CROSSMARK's Retail Representatives are responsible for reporting their own work hours into a proprietary online system called SalesTrak.[6] No one else can enter time or modify time entries for the employee except for payroll department personnel in limited circumstances.[7] Retail Representatives are instructed to accurately report all the time that they work, including overtime, and they are paid for all the time they report.[8] Employees are specifically instructed to record all of the time they spend working on "administrative" tasks.[9] These policies are clearly explained in mass e-mailings from CROSSMARK's Human Resources Department, which are

---

[4] SUMF at ¶¶ 29-31.

[5] SUMF at ¶¶ 7-9.

[6] SUMF at ¶¶ 15-16.

[7] SUMF at ¶ 16.

[8] SUMF at ¶¶ 16, 19, 21.

[9] SUMF at ¶¶ 17-18.

regularly circulated to all CROSSMARK Retail Representatives throughout the United States.[10] Ms. Stearns received these e-mails.[11]

Ms. Stearns does not dispute that she was fully paid for all of the time she reported to CROSSMARK, and that she was paid at applicable overtime rates when her reported time exceeded 40 hours in a week.[12] Rather, Ms. Stearns's claims are premised on her allegation that she worked additional unpaid hours that she did *not* report, despite CROSSMARK's clear policy requiring her to report all of the time she actually worked. Ms. Stearns alleges in her Complaint that she did not report and was not paid for an average of 4.33 hours on each workday.[13] The "weekly hours chart" attached hereto as Exhibit K indicates, for each week Ms. Stearns worked for CROSSMARK, the number of days she worked, the number of hours she reported and was paid for, the number of additional unreported hours she alleges that she worked, and the total of reported plus allegedly unreported hours.[14]

---

[10] SUMF at ¶ 15.

[11] SUMF at ¶ 15.

[12] SUMF at ¶¶ 21-22.

[13] SUMF ¶ 11; *see* Docket #35, Amended Complaint ¶¶ 26, 31-34.

[14] Exhibit K; *see* SUMF ¶ 12. The information presented in Exhibit K is derived from Ms. Stearns' PRTime Detail Report (attached hereto as Exhibit J) which records the time entries that Ms. Stearns reported into CROSSMARK's SalesTrak system on a daily basis. *See* SUMF ¶ 5.

# ARGUMENT

## I. Plaintiff Cannot Recover for Time Spent Commuting Between Home and Work.

Plaintiff cannot recover for the time she spent driving between her home and assigned retail store locations, because ordinary commuting time is not compensable under the FLSA. In addition, Plaintiff's state law wage claim cannot save her drive-time allegations because this type of commute is not compensable under Connecticut law. And Ms. Stearns' actions for breach of contract and unjust enrichment are of no help, because CROSSMARK never agreed to compensate Ms. Stearns for the morning commute time she now claims she is owed.[15] Finally, even if the Court finds that Ms. Stearns commute was compensable, CROSSMARK cannot be said to have "willfully" disregarded the law.

### A. Ordinary commuting time is not compensable under the Fair Labor Standards Act.

Ordinary commuting time to and from work is not compensable under the federal Fair Labor Standards Act. *See* 29 U.S.C. § 254(a); 29 C.F.R. § 785.35. Nevertheless, CROSSMARK's policy is to pay employees for drive time in excess of one hour spent commuting from home to their first assigned store, and/or from their last assigned store back home, and Ms. Stearns was paid for all such time.[16] Importantly, the U.S. Department of Labor has endorsed a policy identical to CROSSMARK's. U.S. Dep't of Labor Op., 1999 DOL WH

---

[15] Ms. Stearns seek recovery only for morning commute time, not evening commute time. *See* Docket #35, Amended Complaint ¶ 32.

[16] SUMF ¶¶ 7-8.

LEXIS 9, at *5-*6 (Jan. 29, 1999)[17] ("We would not take exception to a practice that treats one hour of commuting time as non-compensable home-to-work travel"); *see Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 355-56 (2d Cir. 2011) (upholding identical policy).

In addition, numerous courts have held that the type of administrative tasks Ms. Stearns performed at home (checking e-mail, printing, loading her car) do not make her commuting time compensable. *See, e.g., Kuebel*, 643 F.3d at 355 (plaintiff responded to e-mail and voice mail, printed and organized materials, loaded car); *Rutti v. Lojack Corp.*, 596 F.3d 1046, 1060 (9th Cir. 2010 (plaintiff reported and uploaded data from home computer); *see also* U.S. Dep't of Labor 1999 DOLWH LEXIS 9, at *4-*5 (time spent checking e-mail, completing reports, and communicating with supervisors does not make the home a "job site").

Ms. Stearns' home-to-work commuting time is also not compensable under the "continuous workday" rule, because that rule only makes intervening time compensable when the employer controls the employee's activities such that she is not free to use the time for her own purposes. *Kuebel*, 643 F.3d at 360; *Rutti*, 596, F.3d at 1060; *see* 29 C.F.R. § 785.16(a) ("periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked"). Here, Ms. Stearns admitted that CROSSMARK did not require her to perform her administrative tasks immediately before or after her commute; instead, she was free to set her daily routine based on

---

[17] A copy of the Department of Labor's January 29, 1999 Opinion Letter is attached hereto as Exhibit D.

her own preferences.[18] Nor did CROSSMARK restrict Ms. Stearns from making stops or detours for personal errands, or otherwise control her activities during her commute.[19]

The legality of CROSSMARK's commute policy has already been confirmed by two other federal district courts. On June 17, 2014, Judge Christopher Conner of the U.S. District Court for the Middle District of Pennsylvania granted CROSSMARK's Motion for Summary Judgment on a substantially identical "drive time" claim in *Patricia Bettger v. CROSSMARK, Inc.*, No. 1:13-cv-02030, a case brought by another plaintiff form the former *Postiglione* collective action.[20] Judge Conner found that Plaintiff Bettger had presented no evidence to support the application of the "continuous workday" rule, and that her morning commute time was not compensable. Ex. E, *Bettger* Order at 12-13. Similarly, on September 26, 2014, Judge Brian C. Wimes of the U.S. District Court for the Western District of Missouri granted CROSSMARK's motion for summary judgment against a claim for commuting time brought by another former *Postiglione* plaintiff in *Stephen Roath v. CROSSMARK, Inc.*, No. 4:13-CV-00758.[21] Judge Wimes found that Plaintiff Roath's commuting time was not compensable under the FLSA because he "had the discretion to set the schedule" by which he would complete his

---

[18] SUMF ¶¶ 29 (she was not required to perform administrative tasks immediately before her morning commute), 31 (she did not have to make her evening reports immediately after returning home, but could submit them into SalesTrak at any time up until 1:00 a.m. Eastern Time).

[19] SUMF ¶ 30.

[20] *See* Exhibit E, Mem. Op. and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, and Granting Defendant's Motion in Limine (*Bettger* Docket #38).

[21] *See* Exhibit F, Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (*Roath* Docket #70).

morning and evening administrative tasks, and he was not restricted from making detours for personal errands during his commute. *Roath* Order at 8.

Accordingly, summary judgment should be granted against Plaintiff's FLSA claim with regard to commuting time.

**B.     Commuting time is not compensable under Connecticut's Wage Law.**

Plaintiff also cannot recover for commuting time under her Connecticut statutory wage claim. As the Connecticut Supreme Court has recently held, an employee's regular commuting time is not compensable under the Connecticut Wage and Hour Law or the regulations implementing it. *Sarrazin v. Coastal, Inc.*, 311 Conn. 581, 606-07, 89 A.3d 841 (Conn. 2014); *see* Regs., Conn. State Agencies § 31-60-10 ("time spent in traveling from home to [the employee's] usual place of employment or return to home" is not compensable travel time under C.G.S. § 31-76c). Accordingly, Ms. Stearns' home-to-work commuting time is not compensable under Connecticut wage statutes or regulations, and summary judgment should be granted against Plaintiff on this issue.

**C.     Plaintiff cannot recover for commuting time under her breach of contract or unjust enrichment claims.**

Plaintiff cannot seek recovery for her unpaid commuting time under her common law claims for breach of contract or unjust enrichment, because CROSSMARK never promised or agreed to pay her for that time.

It is undisputed that CROSSMARK *never agreed* to pay employees for the drive time that Ms. Stearns now alleges she is owed. As noted above, CROSSMARK's policy is to pay retail representatives such as Ms. Stearns for time spent commuting from home to their first store

location, and from their last store back home, only to the extent that the commute exceeds one hour or 40 miles.[22] Pursuant to that policy, Ms. Stearns recorded **and was paid for** all commuting time in excess of the first hour.[23] CROSSMARK made clear to Ms. Stearns in its employee handbook, and in the "Reporting Time Worked" e-mails regularly sent by its Human Resources department, that it would not pay for the first hour of commuting time.[24] Because CROSSMARK never promised or agreed to pay for the first hour of commuting time, and Ms. Stearns had no expectation that CROSSMARK would pay her for that time, Plaintiff cannot recover for the uncompensated commuting time under either her breach of contract or her unjust enrichment theories. Summary judgment should be granted on this claim.

> **D.    Plaintiff cannot show willfulness and cannot recover liquidated damages on the drive-time issue.**

Given that CROSSMARK's drive time policy is supported by legal authority and is identical to a policy previously approved by the Department of Labor, CROSSMARK cannot be said to have acted with willfulness, *i.e.*, a knowing or reckless disregard of the law. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988). Thus, Plaintiff cannot establish willfulness even if this Court determines that her home-to-work driving time should have been compensated. For the same reason, no liquidated damages should be awarded because CROSSMARK acted in good faith and reasonably relied on the legal authorities discussed above in concluding that its drive time policy is consistent with the FLSA. *See* 29 U.S.C. § 260. Judge

---

[22] SUMF ¶ 7.

[23] SUMF ¶ 8.

[24] *See* SUMF ¶¶ 7, 15.

Conner found in *Bettger* that in light of the U.S. Department of Labor's approval of a drive-time policy identical to CROSSMARK's, "a jury could not reasonably find that CROSSMARK willfully violated the FLSA" with regard to its drive-time policy. Ex. E, *Bettger* Order at 13-14. This Court should find likewise.

II. **Plaintiff Can Only Recover Under the FLSA for Unpaid Overtime Wages, Not Unpaid Straight-Time Wages.**

The FLSA provides a remedy for overtime and minimum-wage violations, not a means for recovering all unpaid wages.[25] Plaintiff cannot state a claim under the FLSA, and cannot recover for any unpaid time, during non-overtime "gap time" weeks in which she did not work over 40 hours. *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) (the FLSA "simply does not consider or afford a recovery for gap-time hours"). Furthermore, the Second Circuit has held that the FLSA provides no recourse for unpaid straight-time hours below the 40-hour threshold "even if the employee also works overtime hours the same week." *Id*. Accordingly, Plaintiff can only recover under the FLSA for unpaid *overtime* hours in excess of 40 hours a week, and cannot recover for any straight-time wages. *See id.*

For any particular weekly pay period, Ms. Stearns can state a cognizable claim under the FLSA only if she alleges that she worked overtime during that week—*i.e.*, if the combined total of the work hours she reported, and the additional hours she purportedly did not report, exceeded 40 hours. Ms. Stearns alleges that she did not report and was not paid for a total of 4.33 hours per workday.[26] Accepting that estimate as true for purposes of summary judgment, the "Weekly

---

[25] Plaintiff has never pleaded or alleged that she was paid less than the minimum wage.
[26] Docket #35, Amended Complaint at ¶¶ 26, 31-34; SUMF at ¶ 12.

Hours Chart" attached as Exhibit K identifies the weeks in which Ms. Stearns's reported time and alleged unreported time exceeded 40 total hours.[27] As the chart demonstrates, assuming all facts concerning her unreported and unpaid hours in the light most favorable to the Plaintiff, Ms. Stearns can only recover under the FLSA for *six weeks* during the entirety of her employment with CROSSMARK, and during those six weeks she can only recover for the unpaid overtime wages in excess of 40 hours, not the unpaid straight-time wages.[28] The remaining 58 weeks in which Ms. Stearns undisputedly worked less than 40 hours constitute "gap time," and are not cognizable under the FLSA. Plaintiff's potential recovery under her state law claims should similarly be limited only to unpaid overtime wages in excess of 40 hours in a week, because Plaintiff specifically and repeatedly states in her Complaint that she is only seeking recovery for unpaid *overtime* wages, not unpaid straight time wages.[29]

Summary judgment should be granted to limit Plaintiff's potential damages accordingly.

---

[27] Exhibit K; *see* SUMF ¶ 12.

[28] Exhibit K; *see* SUMF ¶ 13.

[29] *See* Docket #35, Amended Complaint ¶¶ 1 (invoking employer's "obligation to pay its employees *overtime* wages"); 2 ("This is an action . . . for Defendant's unlawful treatment of Plaintiff by willfully failing to pay her *overtime* wages for hours worked *in excess of 40 hours per week*."); 3 (alleging Defendant violated the FLSA "by depriving her of her lawful *overtime* wages"); 4 (stating that Plaintiff seeks recovery of wages "for her work *beyond 40 hours per week* pursuant to Connecticut labor law and regulations" and under Connecticut common law); 20 (alleging that Plaintiff worked "*more than forty hours*" during numerous workweeks for which she was not paid or was paid at less than the time-and-a-half overtime rate); 38 (alleging that Defendant failed to pay Plaintiff "the entirety of the *overtime*" she earned) (emphasis added).

## III. Plaintiff Can Only Recover Liquidated Damages for Unpaid Overtime Wages, Not All Unpaid Wages.

The liquidated damages provision of the federal Fair Labor Standards Act applies only to the overtime component of unpaid wages, not to all unpaid wages. *See* 29 U.S.C. § 216(b) (employees may recover "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). Consequently, to the extent Ms. Stearns can prove she is owed any unpaid wages, she can only recover liquidated damages on the unpaid wages for the overtime hours in excess of 40 hours per week. To provide an illustrative example, if Ms. Stearns reported and was paid for 30 hours in a particular week, and proves at trial that she worked an additional 15 unpaid hours for a total of 45 hours worked during that week, she can only recover liquidated damages on the 5 unpaid overtime hours, not on the 10 unpaid straight-time hours.[30] Summary judgment should be granted to limit Plaintiff's damages on this issue.

## IV. Plaintiff's Common Law Claims for Breach of Contract and Unjust Enrichment Are Preempted by Federal Law.

Plaintiff's common law claims for breach of contract and unjust enrichment are preempted by the FLSA, because they simply duplicate her claims for unpaid overtime wages.

The Supremacy Clause of the Constitution renders federal law "the supreme Law of the

---

[30] Under Connecticut law, an award of liquidated damages requires that Plaintiff meet a much higher evidentiary bar than under the FLSA. In order to recover double damages under C.G.S § 31-72, Plaintiff must prove that CROSSMARK acted with "bad faith, arbitrariness, or unreasonableness." *See Sarrazin*, 311 Conn. at 615-16 ("It is well established that it is appropriate for a plaintiff to recover attorney's fees, and double damages under [§ 31-72] only when the trial court has found that the defendant acted with bad faith, arbitrariness, or unreasonableness."). Consequently, to recover any liquidated damages on her state claims, Ms. Stearns must take a substantial extra step and prove that CROSSMARK acted with bad faith.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT                                          12

Land [anything] in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Consequently, federal statutes and regulations can nullify conflicting state or local actions. *Hillsborough County v. Automated Med. Labs, Inc.*, 471 U.S. 707 (1985). Federal law may preempt state law under the Supremacy Clause in three ways-by "express preemption," by "field preemption," or by "conflict preemption." *Id*. at 713. Conflict preemption occurs when a state law actually conflicts with federal law. *Id*. In determining whether an actual conflict exists between state and federal law, the court must "resolve…whether the state law stands as an obstacle to the accomplishment of the full purposes and objectives of federal law." *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 248 (1984).

District courts in this Circuit have found similar common-law claims for unpaid overtime to be preempted when they essentially duplicate, or are equivalent to, the plaintiffs' FLSA claims. *See, e.g.*, *Fracasse v. People's United Bank*, Civ. No. 3:12-CV-00856-JCH, 2012 U.S. Dist. LEXIS 190002, at *14 (D. Conn. Dec. 26, 2012) (Hall, J.), *vacated and remanded on other grounds*, 747 F.3d 141 (2d. Cir. 2014) (finding that plaintiffs' claim for unjust enrichment based on failure to pay overtime wages was preempted); *Petras v. Johnson*, 1993 WL 228014 at *2, 3 (S.D.N.Y. Jun. 22, 1993) (plaintiff's fraud claim based on alleged concealment of FLSA violations was preempted); *cf. Anderson v. Sara Lee Corp*, 508 F.3d 181 (4th Cir. 2007) (plaintiff's breach of contract claim was preempted by FLSA).

Here, the FLSA displaces and preempts Plaintiff's breach of contract and unjust enrichment claims for unpaid overtime, because they are factually duplicative of her claims under the FLSA and seek only the enforcement of her rights under the federal statute. Without pleading a single fact concerning the existence of any contract or agreement between

CROSSMARK and Ms. Stearns, Plaintiff alleges that "Defendant breached its contract with Plaintiff by failing to pay her wages, including overtime wages for hours she worked in excess of 40 hours per week."[31] Additionally Plaintiff's unjust enrichment claim states that by "failing to pay Plaintiff her wages, including overtime wages...Defendant has received [] substantial financial benefits[.]"[32] The factual allegations upon which these claims turn are identical to those underlying Ms. Stearns' FLSA claim, insofar as they pertain to CROSSMARK's alleged *failure to pay* Plaintiff for the overtime she purportedly worked. Consequently, Plaintiff's common law claims are preempted by federal law and summary judgment should be granted with respect to those claims.

## CONCLUSION

For the reasons set forth above, and based on the undisputed evidence in the record, CROSSMARK respectfully requests that this Court grant summary judgment against Plaintiff on the matters set forth herein.

---

[31] Amended Complaint at ¶ 64.

[32] *Id.* at ¶ 67.

Dated: September 30, 2014	Respectfully submitted,


By: */s/ Felix J. Springer*
Felix J. Springer

Felix J. Springer (ct05700)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103
Telephone: 860.275.0184
Facsimile: 860.881.2462
Email: fjspringer@daypitney.com

Stephen E. Fox (admitted *pro hac vice*)
POLSINELLI P.C.
Saint Ann Court
2501 N. Harwood, Suite 1900
Dallas, Texas 75201
Telephone: 214.397.0030
Facsimile: 214.397.0033
Email: sfox@polsinelli.com

Attorneys for Defendant,
CROSSMARK, Inc.


**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2014, a copy of Defendant's Memorandum of Law in Support of its Motion for Partial Summary Judgment was filed electronically and served by mail on anyone unable to accept electric filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing, Parties may access this filing through the Court's EM/ECF System.

*/s/ Felix J. Springer*
Counsel for Defendant

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT	15